UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SMITH,<br><br>    Plaintiff,<br><br> v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | CIVIL ACTION NO. 3:23-CV-00853<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a complaint filed by *pro se* prisoner-Plaintiff John Smith ("Smith") on May 24, 2023, against Defendant the Internal Revenue Service ("IRS"). (Doc. 1). In the complaint, Smith seeks relief related to economic impact payments ("IEPs") allegedly owed but not received under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES"). (Doc. 1, at 1-17). At the time he filed his complaint, Smith was incarcerated at the State Correctional Institute at Waymart ("SCI-Waymart"). (Doc. 1, at 2).

Having conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A, the Court finds that it lacks jurisdiction to hear the complaint, however, Smith shall be granted leave to file an amended complaint. (Doc. 1).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Smith, proceeding *pro se*, initiated the instant action by filing a complaint and motion to proceed *in forma pauperis* on May 24, 2023. (Doc. 1; Doc. 2). On May 26, 2023, the Court denied Smith's motion to proceed *in forma pauperis* for failure to file a certified copy of his Prisoner Trust Fund Account Statement for the six-month period prior to the initiation of this

civil action. (Doc. 5). On June 9, 2023, Smith filed a renewed motion to proceed *in forma pauperis* and a copy of his Prisoner Trust Fund Account Statement. (Doc. 6; Doc. 7).[1]

In his complaint, Smith alleges he timely filed his 2020 and 2021 tax returns with the IRD to obtain IEPs. (Doc. 1, at 12). On July 16, 2021, the IRS sent a Form 4883C letter to Smith, requesting that he verify his identity before the IRS is able to process his income tax return, issue a refund, or credit any overpayments on his account. (Doc. 1, at 13; Doc. 1-2, at 2). The IRS explained that he can verify his identity in one of three ways: (1) over the phone by calling; (2) in person by scheduling an appointment at a local IRS office; or (3) through an authorized representative by completing a Form 284B, Power of Attorney and Declaration of Representative. (Doc. 1-2, at 2). Smith contends he is not capable of using the methods provided by the IRS to verify his identity because: (1) he is incarcerated; and (2) the prison phone system is not available as "it takes hours to get through and the calls on the prison phones only last 15 minutes before the system hands up." (Doc. 1, at 13). On November 12, 2021, Unit Manager Karlavage responded to Smith's Form DC-135A, stating that he sent an email to the IRS on Smith's behalf, stating that Smith received the IRS's letter on July 20, 2021. (Doc. 1, at 14; Doc. 1-3, at 2). On May 6, 2022, the IRS sent a second Form 4883C letter to Smith, again requesting that he verify his identity using one of the three methods noted above. (Doc. 1, at 14; Doc. 1-4, at 2-3). Smith alleges "the verification of identity was again done by Mr. Karlavage." (Doc. 1, at 14). On June 6, 2022, the IRS sent a third Form 4883C to Smith, against requesting that he verify his identity using one of the three methods noted above. (Doc. 1, at 14; Doc. 1-5, at 2-4). On June 22, 2022, Unit Counselor Ms. Cush responded to Smith's Form DC-135A, stating that he again sent an email to the IRS on

---

[1] The Court will address the motion to proceed *in forma pauperis* in a separate Order.

Smith's behalf. (Doc. 1, at 1; Doc. 1-6, at 2). On January 23, 2023, Unit Counselor Mihol responded to Smith's Form DC-135A, stating: "On 05/18/2022 Ms. Cush sent the IRS the verification documents required. At this point there is nothing more I can do. Feel free to write the IRS for an update." (Doc. 1, at 15; Doc. 1-7, at 2). On January 12, 2023, Smith sent a letter to the IRS, stating:

> This letter is being written to inquire about the status of my stimulus checks. I filed the required tax forms and have on two occasions provided your office with the requested verification of my identity. As of today I have not received any of the three due checks. Please provide me with correspondence with the status of these funds and the reason for the delay in processing them. Thank you for your time and attention to this matter.

(Doc. 1, at 15; Doc. 1-8, at 2).

Smith contends the IRS has not responded to his letter. (Doc. 1, at 15). Finally, Smith asserts that he requested an administrative claim form, but no response has been received. (Doc. 1, at 16).

Liberally construing the complaint, Smith asserts the following causes of action: violation of due process pursuant to the Fifth and Fourteenth Amendments; violation of equal protection pursuant to the Fourteenth Amendment; and violation of the CARES Act. (Doc. 1). As relief, Smith demands "monetary relief, injunctive relief, declaratory relief, nominal damages, compensatory damages, punitive damages, $32,000.00, copying fees, $350.01 filing fee, and other relief this court deems fair necessary and appropriate, any other monetary relief [Smith] is entitled to due to violations secured by the constitution and statute." (Doc. 1, at 5).

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197

(3d Cir. 2007) (not precedential). While such screening should be done "as soon as practicable after docketing," the Court is not precluded from conducting such screening after an answer is filed. *See Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003); *Janowski v. Williams*, No. 12-3144 (FLW), 2015 WL 4171727, at *2 n.1 (D.N.J. July 10, 2015) ("A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed." (quoting *Loving v. Lea*, No. 13-158, 2013 WL 3293655, at *1 (M.D. La. June 28, 2013))). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Smith is suing government officials, 28 U.S.C. § 1915A(b)(1) applies. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d

1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    III.   **DISCUSSION**

        A.   SMITH'S CONSTITUTIONAL CLAIMS ARE NOT COGNIZABLE.

In the complaint, Smith names the IRS as the Defendant in this case. (Doc. 1, at 2). Thus, the Court must address whether the United States has waived sovereign immunity for claims brought under the CARES Act. The United States, its agencies, and its employees acting within the scope of their employment cannot be sued without an "unequivocally expressed" statutory waiver of sovereign immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Sovereign immunity extends to agencies of the United States, including the IRS, which is immune from suit in the absence of Congressional authorization. *City of Whittier v. United States Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979). A plaintiff bears the burden of establishing that a court's exercise of jurisdiction is within the bounds of the Constitution and authorized by statute. *Kokkonen v. Guardian of Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The complaint cites no statute, and the Court knows of none, that waives sovereign immunity on the facts of this case against the IRS for alleged violations of Smith's constitutional rights to due process and equal protection of the law. Instead, the Court lacks subject matter jurisdiction over these federal constitutional claims against the United States, the IRS, or its officials sued in their official capacity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (there is no "direct action for damages against federal agencies"); *Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir. 1995) (no right to a damages remedy against the United States for alleged constitutional violations). Accordingly, Smith's claims for damages alleging

violations of his constitutional rights are not cognizable. These claims cannot be cured with further amendment.

Accordingly, Smith's constitutional claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### B. SMITH'S TAX REFUND CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The complaint does not explicitly attempt to assert a cause of action for tax refund pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422, and instead only asserts constitutional claims. Liberally construing the allegations, however, it appears the remedy Smith seeks is recovery of certain tax refunds in the form of EIPs, which could implicate a cause of action under 26 U.S.C. § 7422 against the United States if it were adequately pleaded. Accordingly, the Court will grant Smith an opportunity to amend the complaint to attempt to assert a tax refund cause of action pursuant to 26 U.S.C. § 7422. For this purpose, the Court provides the following legal standards and notice of the deficiencies in the complaint.

The CARES Act, codified in part at 26 U.S.C. § 6428, was signed into law on March 27, 2020, as part of the Government's response to the COVID-19 pandemic. The Act established a mechanism for the IRS to issue EIPs to eligible individuals. *Scholl v. Mnuchin* (*Scholl I*), 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under the CARES Act, eligible individuals could receive a "recovery rebate," structured as a tax credit in the amount of $1,200. 26 U.S.C. § 6428(a). The tax credit was treated as an "advance refund," meaning qualified individuals would directly receive the rebate as an economic impact payment or so-called "stimulus check" when an eligible individual filed a tax return in 2018 or 2019. 26 U.S.C. § 6428(f). The CARES Act directs the Secretary of the Treasury to issue the credit "as rapidly as possible"

and specifies that no impact payment "shall be made or allowed" after December 31, 2020. 26 U.S.C. § 6428(f)(3)(A).

In essentially identical language, the Consolidated Appropriations Act of 2021 authorized a second tax credit of $600, which was also authorized to be paid as an economic impact payment. 26 U.S.C. § 6428A(a), (f). Congress again directed the Secretary to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed . . . after January 15, 2021." 26 U.S.C. § 6428A(f)(3)(A)(i)–(ii). A final tax credit of $1,400 was authorized under the same circumstances and indicated that "[n]o refund of credit shall be made or allowed . . . after December 31, 2021." 26 U.S.C. § 6428B(b), (g)(3). It appears that Smith seeks a belated stimulus payment.

First, Smith names the IRS as the sole Defendant in this case. (Doc. 1, at 2). Thus, the Court must again address whether the United States has waived sovereign immunity for claims brought under the CARES Act. Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). At this stage of the proceedings, the Court will assume that the United States has waived sovereign immunity for claims brought under the CARES Act. See *Moffa v. Yellen*, No. 1:22-CV-00565, 2022 WL 4134738, at *3 (M.D. Pa. Sept. 12, 2022); *Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 21-CV-1411, 2021 WL 5356784, at *2 (E.D. Pa. Nov. 17, 2021); *see also Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021); *Amandor, et al. v. Mnuchin*, 476 F. Supp. 3d 125, 141-45 (D. Md. Aug. 5, 2020); *R.V. v. Mnuchin*, Civ. A. No. 20-1148, 2020 WL 3402300, at *5-*7 (D. Md. June 19, 2020).

However, the United States consents to be sued for a tax refund only where the taxpayer has "duly filed" an administrative claim:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.
>
> 26 U.S.C. § 7422(a).

And further,

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
>
> 26 U.S.C. § 6532(a)(1).

Thus, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Internal Revenue Code by filing a timely administrative claim which the IRS either rejects or does not act upon in six months. *See Clintwood Elkhorn Min. Co.*, 553 U.S. at 4-5.

   Treasury Regulations establish additional jurisdictional requirements for claims for tax refunds. *See* 26 C.F.R. § 301.6402-2. If the refund claim does not meet the requirements of the Internal Revenue Code and the regulations, then the suit must be dismissed. *Boyd v. U.S.*, 762 F.2d 1369, 1371 (9th Cir. 1985). The regulations promulgated under 26 U.S.C. § 7422(a) state a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b). In addition, "[t]he statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b).

The refund claim must also be filed with the IRS within the time limits established by the Internal Revenue Code. The IRS regulations require that an administrative claim be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. *See* 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a). For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(c); *see also* 26 C.F.R. § 301.6402-2(a)(2) ("if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance . . . ."). Furthermore, the Department of Treasury regulations state that "no request for damages . . . shall be maintained in any district court . . . before the earlier of" (i) the date of the administrative decision rendered on that claim, or (ii) "the date that is six months after the date an administrative claim is filed." *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994), *abrogated on other grounds by Hassen v. Gov't of Virgin Islands*, 861 F.3d 108 (3d Cir. 2017); 26 C.F.R. § 301.7426-2(c)(1). The regulations also provide for an exception "during the last six months of the period of limitations," where "the claimant may file an action in a district court . . . any time after the administrative claim is filed and before the expiration of the period of limitations." 26 C.F.R. § 301.7426-2(c)(2).

Courts have rejected the argument that a refund action is a necessary prerequisite to bringing claims under the CARES Act stating, "[b]y its plain language, § 7422(a) does not apply here because [a claim seeking an advance refund stimulus payment] is not a suit for any tax, penalty, or sum wrongfully collected." *R.V.*, 2020 WL 3402300, at *7; *King v. Burwell*, 759 F.3d 358, 366–67 (4th Cir. 2014) *aff'd* 135 S. Ct. 2480 (2015) ("Section 7422(a) does not allow for prospective relief. Instead, it bars [absent exhaustion] suit for the recovery of any

internal revenue tax alleged to have been erroneously or illegally assessed or collected."); *see also Amandor*, 476 F. Supp. 3d at 143-44 (internal quotations and citations omitted) (noting that requiring the exhaustion of administrative remedies before proceeding with a CARES Act claim "would be an arduous, expensive, and long process [and] at odds with the very purpose of the impact payments"); *Graham*, 2021 WL 5356784, at *2. However, courts have also stated that claims seeking an EIP tax refund pursuant to 26 U.S.C. § 7422 require administrative exhaustion. *See Davis v. IRS,* No. 21-CV-4728, 2022 WL 612718, at *5 (E.D. Pa. Mar. 1, 2022) (citing *Morton v. United States Virgin Islands*, No. 21-1292, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021); *United States v. Williams,* 514 U.S. 527, 533 (1995); *Clintwood Elkhorn Min. Co.*, 553 U.S. at 4 (a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS before filing suit in federal court for credit or refund of overpaid taxes)).

Here, Smith alleges that he filed his 2020 and 2021 income tax returns, verified his identity in accordance with the IRS letters, and requesting an administrative claim form, but no response has been received. (Doc. 1, at 12-16). However, there is no Form 1040 attached to the complaint. Nor has Smith provided facts to establish that he authorized anyone to represent him before the IRS by submitting a complete Form 284B as directed by the IRS in multiple letters. Smith does not allege facts describing the details asserted in the Form 1040s and does not attach any documents to support an assertion that he submitted an administratively-compliant claim with the requirements of 26 C.F.R. § 301.6402-2(b) set forth above. Therefore, neither the complaint's allegations nor the attached documents suffice to show that an administratively-compliant claim was ever made. This is significant because, as noted, a taxpayer cannot recover in a lawsuit for refund on a different ground than that set

forth in the claim for refund. 26 C.F.R. § 301.6402-2(b); *see* 26 U.S.C. § 7422(a). Smith can only sue in this Court based on substantially the same claim as presented to the IRS in a duly filed administrative claim. Without knowing what information Smith provided in the Form 1040s, the Court cannot conclude that the basic purpose of 26 U.S.C. § 7422(a) is satisfied, giving the IRS an opportunity to understand and evaluate the specific facts of the claim. Separately, the letter Smith submitted to the IRS does not constitute a duly filed claim for purposes of this action because this action was filed on May 24, 2023, less than six months after he submitted a "written protest" on January 12, 2023. (Doc. 1-8, at 2); *see* 26 U.S.C. § 6532(a)(1) ("[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time"). Accordingly, the Court finds that even if he had asserted a cause of action pursuant to 26 U.S.C. § 7422(a) — which he did not — Smith has not alleged sufficient facts to establish administrative remedies were exhausted and that this Court has jurisdiction over his tax refund claims.

Accordingly, Smith's tax refund claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

    IV.    **LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting

*Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Here, Smith's complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Specifically, Smith's claims for damages alleging violations of his constitutional rights are not cognizable and cannot be cured with further amendment. However, because the Court cannot say at this time that Smith can never allege a plausible tax refund claim against the IRS, the dismissal of such claim will be without prejudice and Smith will be permitted the opportunity to file an amended complaint against the IRS in the event he can show he has properly exhausted his administrative remedies by filing an administrative claim.

Smith is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Smith is advised to follow each claim with a corresponding good-faith request for relief. Further, Smith is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

V. **CONCLUSION**

For these reasons, the Court finds that Smith's complaint fails to state a claim upon which relief can be granted. (Doc. 1). However, the Court grants Smith leave to file an

amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum Opinion, on or before **Monday, October 2, 2023**.

     An appropriate Order follows.

**Dated: September 1, 2023**　　　　　　　　　　*s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **Chief United States Magistrate Judge**